UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH P. BLOOD, on behalf of himself and all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC., Formerly known as SALOMON SMITH BARNEY, INC.,<br><br>               Defendants. | CIVIL ACTION NO.: _____<br><br>JURY DEMANDED |

## COMPLAINT

### I. INTRODUCTION

This is a collective action for the defendant's failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. As set forth below, Plaintiff Joseph P. Blood worked for the defendant as a Financial Consultant, and he and all similarly situated employees have routinely worked many more than forty hours per week without being paid time-and-a-half for their overtime hours. These employees are not exempt from the overtime requirements of the FLSA. In this action, Plaintiff now seeks, on his own behalf and on behalf of all others similarly situated who may opt in to this case, reimbursement for unpaid overtime wages, as well as liquidated damages, attorneys' fees, and costs, all as provided for by law.

## II. **PARTIES**

1. Plaintiff Joseph P. Blood is an adult resident of Milton, Massachusetts. Plaintiff was employed by the defendant from approximately 1997 until March 2006, initially as a Financial Consultant Trainee (or Associate) and then as a Financial Consultant. A consent to sue form for Mr. Blood is attached to this Complaint as Exhibit A.

2. Plaintiff brings this action on his own behalf and on behalf of all other Financial Consultants, and Financial Consultant Trainees, or Associates, who have been employed by the defendant within the last three years who may opt in to this action.

3. Defendant Citigroup Global Markets, Inc., formerly known as Salomon Smith Barney, Inc., is a foreign corporation doing business in this judicial district.

## III. **JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction, pursuant to 28 U.S.C. §1331, over the overtime claims asserted herein pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omission on which the claims are based occurred in this judicial district.

## IV. STATEMENT OF FACTS

6. Financial Consultants and Financial Consultant Trainees who are employed by the defendant routinely work more than forty hours per week but are not paid time-and-a-half for their overtime hours.

7. These employees are not exempt from the overtime requirements of the FLSA, 29 U.S.C. §§ 201 et seq.

8. The defendant is not a "retail or service establishment" under 29 U.S.C. § 207(i) and 29 C.F.R. §§ 779.316 and 779.317.

9. The defendant's failure to pay these employees time-and-a-half for their overtime hours was a willful violation of the FLSA.

## COUNT I

## FAIR LABOR STANDARDS ACT

The defendant's willful failure to pay overtime compensation to its Financial Consultants and Financial Consultant Trainees, or Associates, violates the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## JURY DEMAND

Plaintiffs request a trial by jury on their claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Declare Count I of this action to be maintainable as a collective action, pursuant to 29 U.S.C. §216(b), and direct the defendant to provide to Plaintiff a list of all persons employed by it as Financial Consultants and Financial Consultant Trainees, or Associates, within the last three years, including the last known address and telephone number of each person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate or not;

2. Determine the damages sustained by Plaintiff and all others who may opt in to this action as a result of the defendant's violations of 29 U.S.C. §216(b), and award those damages, plus an additional equal amount as liquidated damages and such pre-judgment and post-judgment interest as may be allowed by law;

3. Award Plaintiff and all others who may opt in to this action their costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and experts' fees;

4. Grant Plaintiff and all others who may opt in to this action such other and further relief as the Court may deem just and proper.

        Respectfully submitted,
        JOSEPH P. BLOOD, on behalf of himself and
        all others similarly situated,

        By their attorneys,

        */s/ Shannon Liss-Riordan*
        Shannon Liss-Riordan, BBO #640716
        Hillary Schwab, BBO #(pending)
        PYLE, ROME, LICHTEN, EHRENBERG,
            & LISS-RIORDAN, P.C.
        18 Tremont Street, 5th Floor
        Boston, MA 02108

Dated: May 11, 2006        (617) 367-7200

```
```
Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH P. BLOOD, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC., Formerly known as SALOMON SMITH BARNEY, INC.,<br><br>　　　　　　Defendants. | CIVIL ACTION NO.: _____ |

Pursuant to 29 U.S.C. § 216(b), I, Joseph P. Blood, consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

Dated: May 11, 2006

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Joseph P. Blood